IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) ERIC BEITCHMAN derivatively on behalf of Nominal Defendant Zenex International, Inc. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. _____ |
| (1) TIMOTHY ADUDDELL, (2) RON CARTE, (3) DEBRA G. MOREHEAD, (4)DAVID ADUDDELL, and (5) JERRY WHITLOCK | ) ) ) ) | |
| Defendants, and | ) ) ) | |
| (6) ZENEX INTERNATIONAL, INC., | ) ) | |
| Nominal Defendant. | ) | JURY TRIAL DEMANDED |

**VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT**

Plaintiff, by his attorneys, submits this Verified Shareholder Derivative Complaint against the Defendants named herein.

**NATURE OF THE ACTION**

This is a shareholder derivative action brought by Plaintiff for the benefit of Nominal Defendant Zenex International, Inc. ("Zenex" or the "Company") against Defendants Timothy Aduddell ("T. Aduddell"), Ron Carte ("Carte"), Debra G. Morehead ("Morehead"), David Aduddell ("D. Aduddell"), and Jerry Whitlock ("Whitlock"), for violations of their fiduciary duties owed to Zenex from July 3, 2002 through the present (the "Relevant Period").

## JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to 28 U.S.C. 1332(a)(2) in that Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

2.     This action is not a collusive one designed to confer jurisdiction upon a court of the United States that it would not otherwise have.

3.     Venue is proper in this district because a substantial portion of the transactions and wrongs complained of herein occurred in this district.   Further, Defendants either reside or participated in board of director meetings or maintain executive offices in this district and have received substantial compensation in this district by engaging in numerous activities and conducting business in this district. Further, Zenex maintains its principal place of business in this district.

## PARTIES

4.     Plaintiff Eric Beitchman is a citizen of the State of Nevada.

5.     Nominal Defendant Zenex International, Inc., is a Colorado corporation that maintains its principal executive offices at 14220 S. Meridian, Oklahoma City, Oklahoma.   Zenex is engaged in the business of providing both permanent and temporary roofing for commercial and residential customers.  Zenex is also engaged in providing emergency "blue roofing" pursuant to contracts through the Federal Emergency Management Agency ("FEMA"), and other governmental agencies.

6.     Defendant Timothy Aduddell ("T. Aduddell") is a resident of the State of Oklahoma.  T. Aduddell served as a Director of Zenex and as Chairman of the Board and President of Aduddell Roofing and Sheet Metal, Inc. ("Aduddell Roofing"), a wholly owned subsidiary of Zenex, during the Relevant Period, as further described herein.  T.

Aduddell is also the founder of Aduddell Roofing. Zenex acquired Aduddell Roofing in October 2002.  Pursuant to the Definitive Proxy Statement dated May 3, 2005, filed by Zenex with the Securities and Exchange Commission (the "SEC") on Schedule 14-A, T. Aduddell, either directly or beneficially, controlled 72.1% of the outstanding common stock of Zenex.

7.    Defendant Ron Carte ("Carte") is a resident of the State of Oklahoma. Carte served as Chairman of the Board of Directors, President and Chief Executive Officer of Zenex during the Relevant Period.

8.    Defendant Debra G. Morehead ("Morehead') is a resident of the State of Oklahoma.   Morehead served as a Director, Chief Financial Officer, Secretary and Treasurer of Zenex during the Relevant Period.   Pursuant to the Definitive Proxy Statement dated May 3, 2005, and filed with the SEC, Morehead controlled 2.1% of the common stock of the Company.

9.    David Aduddell ("D. Aduddell") is a resident of the State of Oklahoma.  D. Aduddell joined the Board of Directors of Zenex in 2005.

10.   Defendant Jerry Whitlock ("Whitlock") is a resident of the State of Oklahoma.  Whitlock joined the Board of Directors of Zenex in 2005.

11.   The Company's current Board of Directors consists of Defendants T. Aduddell, Carte, Morehead, D. Aduddell, Whitlock and Thomas Parrish (who is not a defendant at this time).

12.   Defendants T. Aduddell, Carte, Morehead, D. Aduddell, and Whitlock are collectively referred to as "Individual Defendants" or "Director Defendants."   The Individual Defendants, because of their positions within the Company and control of the Company through their positions and ownership of Company stock, possessed the

power and authority to control the contents of Zenex's press releases and business transactions.  Each Defendant was provided with copies of the Company's reports, proposals, material agreements and press releases alleged herein to be misleading prior to or shortly after their issuance or made business agreements not in the best interest of the Company.  The Individual Defendants are liable for their actions and false statements plead herein, as each such statement was "group published".

## DUTIES OF THE INDIVIDUAL DEFENDANTS

13.    By reason of their stock ownership, positions as officers and/or directors of the Company and because of their ability to control the business and corporate affairs of the Company, the Individual Defendants owed the Company and its shareholders the fiduciary obligations of good faith, trust, loyalty and due care.  Each director and officer of the Company owed to the Company and its shareholders the fiduciary duty to exercise good faith and diligence in the administration of the affairs of the Company.  In addition, the Defendants owed a duty to the Company and its shareholders to enter into business agreements that were commercially reasonable for the Company and did not put the interest of any Individual Defendant ahead of the interests of the Company.  As set forth below, the Individual Defendants violated these duties and abdicated their oversight responsibilities to the Company.

14.    As further alleged herein, Zenex's current Board of Directors is unable to make an impartial determination as to whether to institute legal proceedings to redress the wrongdoing alleged herein because a majority of its members: (1) face a substantial likelihood of liability for non-exculpated breaches of their fiduciary duties to the Company and shareholders by their participation or acquiescence in the wrongdoing alleged herein and/or complete failure to perform their oversight duties to the Company;

4

and/or (2) are not independent from members of Zenex's Board of Directors who face a substantial likelihood of liability.

## **RELEVANT FACTS**

15.    Zenex, through its wholly owned subsidiary, Aduddell Roofing, engages in the commercial and industrial roofing and re-roofing business.  The Company's roofing services include re-roofing, restoration and repair, new roof construction, sheet metal fabrication and waterproofing.  The Company's customers include the industrial, office, retail, hospitality, government and educational industries.

16.    On July 3, 2002, Zenex disclosed that it had engaged in a transaction valued at $160,000.00 for telecommunications equipment and software upgrades with a company partially owned and controlled by Defendant Morehead.  Pursuant to the terms of the agreement, Zenex was supposed to pay the $160,000.00 by December 31, 2002, or be forced to issue options for 200,000 shares of Zenex common shares at the price of .08 cents per share.  Zenex did not pay the $160,000.00 by December 31, 2002, thereby being forced to issue the 200,000 shares to the company partially owned and controlled by Morehead.

17.    The Company never disclosed that the transaction entered into with the company partially owned and controlled by Defendant Morehead was neither commercially reasonable nor in the best interest of the Company.  The Individual Defendants knew, or should have known, that the Company could not pay the $160,000 by December 31, 2002, and Defendant Morehead would thereby gain control of an additional 200,000 shares of Zenex stock at a fraction of its value.  This transaction demonstrates: (i) that Defendant Morehead placed her own personal interests ahead of

the best interests of Zenex; and (ii) the complicity of the other directors and management in permitting Defendant Morehead to profit at the Company's expense.

18.   The unrelenting failure to adequately disclose related party transactions continued into 2005.  On September 7, 2005, Zenex issued the following press release: "Aduddell Signs Temporary Roofing Contract with U.S. Army Corp of Engineers in Response to Hurricane Katrina."  In relevant part, the press release stated:

> Aduddell Roofing, Inc. and Carothers Construction, Inc. have recently formed a new joint venture agreement to work with the U.S. Army Corp of Engineers ("USACE") to provide this temporary roofing; subsequently, on Saturday, September 3, 2005, the joint venture partners, Aduddell/Carothers signed an initial contract with the USACE for $10 million.  The initial task order from the USACE coves the Mississippi counties of Pearl River, Hancock, Harrison and Jackson, to provide roofing due to the damage caused by Hurricane Katrina.

Unfortunately, this was another related party transaction.  The press release does not mention that Zenex retained Oklahoma Development Group ("ODG"), a company that is wholly owned by T. Aduddell and managed by D. Aduddell, as the management company for this joint venture.

19.   On Friday, September 16, 2005, the Individual Defendants caused Zenex to issue the following press release entitled:  "Hurricane Katrina:  U.S. Army Corp of Engineers Increases Aduddell Task Order to $20 million."  In relevant part, the press release stated:

> Joint Venture Partners, Aduddell Roofing, Inc. and Corothers Construction Company, Inc., have received a modification by the U.S. Army Corp of Engineers to increase the capacity of the task order from $10 million to $20 million for the Mississippi counties of Pearl River, Hancock, Harrison and Jackson, to provide temporary roof repairs.  *Id.*

Again, there is no mention of ODG nor is the relationship with T. Aduddell and D. Aduddell mentioned.

I:\Zenex\Complaint.12.18.05.doc

20.    On Tuesday, September 20, 2005, the Individual Defendants caused Zenex

to issue the following press release entitled:  "Hurricane Katrina:  U.S. Army Corp of

Engineers Increases Aduddell Contract to $60 million."   In relevant part, the press

release stated:

> Joint Venture Partners, Aduddell Roofing and Waterproofing, Inc. and
> Carothers Construction Company, Inc., have received a modification by
> the U.S. Army Corp of Engineers to increase their Contract Amount to $60
> million.

For the third time in less than two (2) weeks, Zenex failed to disclose ODG or its

relationship with T. Aduddell and D. Aduddell.

21.    On September 23, 2005, Zenex filed a Form 8-K with the Securities and

Exchange Commission, which in relevant part stated:

> The Joint Venture was formed specifically for the purpose of the Contract
> to provide temporary roofing services to the Gulf Coast Region.  Pursuant
> to the terms of the agreement governing the Joint Venture, there are 3% in
> gross revenue set aside to pay for bonding and insurance thereafter;
> Carothers will receive 20% of the remaining proceeds, and Aduddell will
> receive 80%.   Aduddell is responsible for all material costs, labor costs
> and management costs, which includes a fee of 16.96% to Oklahoma
> Development Group, LLC ("ODG").   ODG, an affiliate of the Company,
> was designated to manage all pre-event activities, labor, procurement,
> housing and administrative responsibilities associated with the Hurricane.
> ODG is a development and management company.

This is the first time that ODG is mentioned as an affiliate of Zenex, but the relationship

between ODG, T. Aduddell and D. Aduddell remained hidden from the public.

22.    At no time in any of the press releases or documents filed with the SEC is it

revealed that the Individual Defendants conducted any kind of investigation to

determine whether the 16.96% fee charged by ODG was fair and reasonable from a

commercial standpoint in light of the fact that Zenex had a direct working relationship

with FEMA having just completed work for FEMA as a result of the multiple hurricanes

that struck Florida in 2004.   Further, the Individual Defendants purposely failed to

mention in any of the press releases regarding these contracts that ODG is 100% owned by Defendant T. Aduddell and managed by Defendant D. Aduddell.  Because: (a) T. Aduddell and D. Aduddell were Board members of Zenex and owed Zenex a fiduciary duty; and (b) Zenex had prior FEMA contracts and knew the persons to contact regarding performing work in the disaster area, there is no reasonable business justification for the fee being paid to ODG, other than to siphon money from Zenex and personally profit ODG at Zenex's expense.

23.    Defendant Zenex has adopted a Code of Ethics with respect to Directors and executive officers pursuant to §4.06 of the Sarbanes-Oxley Act of 2002.  Contained within the Code of Ethics is the following statement:

- "It is the policy of the Company that each Director and Officer:  Avoid and ethically address actual or apparent conflict of interest between personal and professional relationships, including disclosure of any transaction or relationship that reasonably could be expected to give rise to a conflict of interest to the Company Audit Committee.

- Provide full, fair, accurate, timely and understandable disclosure in the Company's public communications, including reports and documents that Company files with or submits to the SEC.

24.    The failure to fully disclose the relationship in the press releases concerning the U.S. Corp of Engineers contract for temporary roofing related to Hurricane Katrina between Defendants T. Aduddell, D. Aduddell, ODG and Zenex violates the above-referenced provisions.

## DEMAND EXCUSED ALLEGATIONS

25.    Zenex's Board of Directors is currently composed of six (6) directors – Individual Defendants T. Aduddell, Carte, Morehead, D. Aduddell, Whitlock and non-defendant Thomas Parrish.

26.   Defendant T. Aduddell was the founder of Aduddell Roofing before its acquisition in October 2002 by Zenex.  Defendant T. Aduddell served as Chairman of the Board of Zenex from March 2002 through August 2002.  T. Aduddell was named President of Aduddell Roofing on January 3, 2005.  Prior to that announcement, T. Aduddell performed various sales and public relations functions for Aduddell Roofing. Defendant T. Aduddell has served on Zenex's Board of Directors since 2002, and as of May 3, 2005, he either directly or indirectly controlled 72.1% of Zenex's outstanding common stock.

27.   Defendant Carte has served as Zenex's President, Chief Executive Officer and a Director since March 2002.  Carte became Chairman of the Board of Directors of Zenex in August 2002.  Prior to joining Zenex, from 1982 through 1993, Defendant Carte was President and CEO of First Oklahoma Bank & Trust, and then served as regional Vice-President for Liberty Bank from 1993 through 1997.  From 1997 through 2002, Defendant Carte was COO and President of Milstone Construction and founded Edmond Bank & Trust in September 1999, where he served as its Chairman until April 2002.

28.   Defendant D. Morehead has served as a Director of Zenex and as its Chief Financial Officer, Secretary and Treasurer since 2002.  Prior to joining the Company in 2002, Defendant Morehead served as Chief Financial Officer of The Naylor Companies since 1998.

29.   Defendant Whitlock was elected to serve on Zenex's Board of Directors at the shareholder's meeting held on June 7, 2005.

30.   Defendant D. Aduddell was elected to Zenex's Board of Directors at the shareholder's meeting held on June 7, 2005.  D. Aduddell has served as the manager of

ODG since 2002, a company that is wholly owned by Defendant T. Aduddell.  Prior to becoming manager of ODG, Defendant D. Aduddell worked in business development with the Naylor Companies, where Defendant Morehead was the CFO.

31.   Demand on Zenex's Board of Directors to institute this action is unnecessary because such a demand would be a futile and useless act, particularly because of the following additional reasons:

- T. Aduddell controls approximately 72% of the outstanding common stock of Zenex.  As the Company noted in its Form 10-K5B: "He [T. Aduddell] has substantial influence on us, which influence might not be consistent with the interests of other shareholders, and on the outcome of any matters submitted to our shareholders for approval.  Mr. Aduddell is able to exercise control over our affairs, including the election of the entire Board of Directors and any matter submitted to a vote of the shareholders."  Because T. Aduddell is able to elect the entire Board, Defendants Carte, Morehead, D. Aduddell, and Whitlock are beholden to him for their current positions within Zenex.  As such, any demand on them to pursue this action is futile.

- T. Aduddell owns ODG, a company that employs Defendant D. Aduddell as its manager.  Because D. Aduddell is beholden to T. Aduddell for his position as manager at ODG, it is reasonable to conclude that he would not authorize suit against T. Aduddell.  As such, demand on D. Aduddell is futile. T. Aduddell and D. Aduddell are also closely related by family ties.

- Prior to joining Zenex, Defendants Morehead and D. Aduddell worked at the Naylor Companies.  During their several years working together at The Naylor Companies, they developed both a social and professional relationship from which it is reasonable to conclude that they would not authorize suit against each other.  As such, demand on Defendants D. Aduddell and Morehead is futile.

- T. Aduddell, D. Aduddell, ODG, Adduddell Roofing and Naylor Enterprises, all appear on commercial loan guarantees or collateral agreements that secure common debt between these persons for loans from numerous banks, including First Western Savings & Loan, Bank of America, MidFirst Bank, Citizens Bank of Edmond, Stillwater Bank & Trust and First National Bank of Midwest City.  Because of this interrelation of banking obligations and co-dependency it is reasonable to conclude that none of the Defendants would authorize suit against T. Aduddell and/or D. Aduddell. As such, demand on all Defendants is futile.

- A majority of the directors of Zenex, as detailed herein, participated in, approved and/or recklessly permitted the wrongs alleged herein to have occurred and participated in efforts to conceal or disguise those wrongs from Zenex's stockholders and are, therefore, not disinterested parties and are the principal beneficiaries of the wrongdoing alleged herein. Thus the Individual Defendants could not fairly and fully prosecute such a suit even if they instituted such suit.

- A majority of the directors had a responsibility and obligation to assure that all press releases and filings of SEC reports and registration statements were accurate and that all financial controls and other oversight procedures were in place that would have detected and prevented the false and misleading statements put out by the Company to the public that are further described in this Complaint, however, the Defendant Directors failed to do so, completely abdicating their oversight responsibility to the Company.

- In order to bring this suit, a majority of the directors of Zenex would be forced to sue themselves and/or persons with whom they have extensive business and/or personal entanglements, which they will not do, thereby excusing demand.

- The acts complained of constitute violations of state law and violations of the fiduciary duties owed by Zenex's officers and directors and are incapable of ratification.

- The actions of the directors has impaired the Board's ability to validly exercise its business judgment and rendered it incapable of reaching an independent decision as to whether to accept Plaintiff's demands.

- Any suit by the directors of Zenex to remedy these wrongs would likely expose the Director Defendants and Zenex to further violations of securities laws which could result in additional civil actions being filed against one or more of the Director Defendants thus they are hopelessly conflicted in making any supposedly independent determination as to whether to sue themselves.

- Zenex has been and will continue to be exposed to significant losses due to the wrongdoing complained of herein; yet, the Director Defendants have not filed any lawsuits against themselves or others who were responsible for the wrongful conduct described herein, nor have they attempted to recover any part of the damages Zenex suffered and will suffer thereby.

- If the Director Defendants were to bring this derivative action against themselves, they would thereby expose their own negligence and misconduct, which underlies allegations against the Company.  Such admissions would impair the Company's and their defense of the Class

Actions and greatly increase the probability of their personal liability in the Class Actions, in an amount likely to be in excess of any insurance coverage available to the Director Defendants.

- The Director Defendants are believed to be covered by an insurance policy which covers the type of misconduct alleged herein, which policy would likely preclude coverage, if any, if the Director Defendants initiated action against any of the other Director Defendants named herein. Therefore, Zenex's Board, or any committee thereof, is effectively disabled from complying with any demand that would cause the Company to bring suit against the Defendants because to do so would result in the loss of their insurance coverage.

- Zenex is a publicly traded company with over 100 shareholders. Demand on all shareholders is therefore impractical and demand would be a futile act.

- Making demand on such a large number of shareholders would be impossible for Plaintiff, who has no way of finding out the names, addresses or telephone numbers of all shareholders, many of whom own their stock in "street" name.

- Making demand on all shareholders would also force Plaintiff to incur huge expenses, assuming all shareholders could even be individually identified.

32.   Plaintiff will adequately and fairly represent the interests of Zenex in enforcing and prosecuting its rights.

## FIRST CAUSE OF ACTION

### Against Individual Defendants
### For Breach Of Fiduciary Duty

33.   Plaintiff incorporates by reference all preceding and subsequent paragraphs as if fully set forth herein.

34.   As alleged in detail herein, the Individual Defendants had a duty to conduct themselves in a diligent, honest and prudent manner and exercise good faith and diligence in maintaining their image and reputation, which are essential in the Company's business.

I:\Zenex\Complaint.12.18.05.doc

35.   The Individual Defendants breached their fiduciary duties by misleading the public by making inaccurate and/or untrue statements regarding their conduct and engaging in transactions with affiliated business for which there was no reasonable business judgment to engage in.

36.   The Individual Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them.  Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing the related party transactions that have allowed certain insiders to loot the Company through transactions that were made with less than reasonable commercial terms. These transactions hurt Zenex financially while allowing certain Individual Defendants to line their own pockets at the Company's expense in direct violation of the Directors' fiduciary obligations to the Company.

37.   As a direct and proximate result of the Individual Defendants foregoing breaches of fiduciary duties, Zenex suffered damages.

## SECOND CAUSE OF ACTION

### Against The Individual Defendants
### For Abuse of Control

38.   Plaintiff incorporates by reference all preceding and subsequent paragraphs as if fully set forth herein.

39.   The Individual Defendants' misconduct alleged herein constituted an abuse of their ability to control and influence Zenex, for which they are legally responsible.

40.   As a direct and proximate result of the Individual Defendants' abuse of control, Zenex sustained significant damages because of the related party transactions

I:\Zenex\Complaint.12.18.05.doc

forced upon it by the Directors, which resulted in certain officers and directors receiving a significant financial windfall to the detriment of the Company.

41.   As a result of the misconduct alleged herein, the Individual Defendants are liable to the Company.

### THIRD CAUSE OF ACTION

#### Against The Individual Defendants
#### For Gross Mismanagement

42.   Plaintiff incorporates by reference all preceding and subsequent paragraphs as if fully set forth herein.

43.   By their actions alleged herein, the Individual Defendants, either directly or through aiding and abetting eachother, abandoned or abdicated their responsibilities and fiduciary duties with regard to prudently managing the assets and business of Zenex in a manner consistent with the operations of a publicly held corporation.

44.   As a direct and proximate result of the Individual Defendants' gross mismanagement and breaches of duty alleged herein, Zenex sustained significant damages in excess of millions of dollars caused by the improper related party transactions.

45.   As a result of the misconduct and breaches of duty alleged herein, the Individual Defendants are liable to the Company.

46.   Plaintiff, on behalf of Zenex, has no adequate remedy at law.

### FIFTH CAUSE OF ACTION

#### Against Defendants T. Aduddell, Morehead
#### And D. Aduddell for Unjust Enrichment

47.   Plaintiff incorporates by reference all preceding and subsequent paragraphs as if fully set forth herein.

48.   By their wrongful acts and omissions, Individual Defendants T. Aduddell, Morehead and D. Aduddell were unjustly enriched at the expense of and to the detriment of Zenex.

49.   Plaintiff, as shareholder and representative of Zenex, seeks restitution from the Individual Defendants, and seeks an order of this Court disgorging all profits, benefits and other compensation obtained by the Individual Defendants for their wrongful conduct and fiduciary breaches.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

(a)   Against the Individual Defendants and in favor of the Company for the amount of damages sustained by the Company as a result of the Individual Defendants' breaches of fiduciary duties, abuse of control, gross mismanagement, waste of corporate assets and unjust enrichment;

(b)   Extraordinary equitable and/or injunctive relief as permitted by law, equity and state statutory provisions sued hereunder, including attaching, impounding, imposing a constructive trust on or otherwise restricting the proceeds of the Individual Defendants' trading activities or their other assets so as to ensure that Plaintiff has an effective remedy;

(c)   Awarding to Zenex restitution from the Individual Defendants, and each of them, and ordering disgorgement of all profits, benefits and other compensation obtained by these Defendants; and

(d)   Awarding to Plaintiff the costs and disbursements of the action, including reasonable attorneys' fees, accountants' and experts' fees, costs, and expenses; and Granting such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Respectfully Submitted,


s/William B. Federman
William B. Federman
OBA #2753
W. Todd Ver Weire
OBA #20597
FEDERMAN & SHERWOOD
120 North Robinson, Suite 2720
Oklahoma City, OK  73102
(405) 235-1560/Fax: (405) 236-2112
*wfederman@aol.com*
- and -
2926 Maple Avenue, Suite 200
Dallas, TX  75201


Marc S. Henzel
LAW OFFICES OF MARC HENZEL
273 Montgomery Avenue, Suite 202
Bala Cynwyd, PA  19004
(610) 660-8000/Fax: (610) 660-8080
*mhenzel182@aol.com*

*Attorneys for Plaintiff*

I:\Zenex\Complaint.12.18.05.doc