**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ERIC BEITCHMAN, )<br>　　　　　　　　　　　　　　　　)<br>　　　　Plaintiff, )<br>vs. )　　NO.  CIV-05-1465-HE<br>　　　　　　　　　　　　　　　　)<br>TIMOTHY ADUDDELL, ET AL., )<br>　　　　　　　　　　　　　　　　)<br>　　　　Defendants. ) | |

**FINAL JUDGMENT AND ORDER**

This matter came on for hearing on February 29, 2008, (the "Settlement Hearing"), upon the application of the parties for approval, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, of the settlement in the Stipulation and Agreement of Compromise, Settlement and Release dated as of December 7, 2007, (the "Stipulation"). Due and adequate notice of said Settlement Hearing having been given in accordance with the Preliminary Order to the current Zenex shareholders that have continuously held Zenex common stock since on or before December 19, 2005, through the date of the Settlement Hearing, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.　　The form and manner of the notice given to the shareholders of Zenex is hereby determined to have been the best notice practicable under the circumstances and constitutes due and sufficient notice to all persons entitled to receive such notice in compliance with the provisions of

Rule 23.1 of the Federal Rules of Civil Procedure, the requirements of due process, the United States Constitution and all other applicable law.

2. With full opportunity having been offered to Zenex shareholders to participate in the Settlement Hearing, it is hereby determined that all shareholders are bound by this Order. The terms of settlement of this action, which are set out in the Stipulation, are fair, reasonable and adequate and provide substantial benefits to Zenex, the nominal defendant on behalf of which this action was brought, and its stockholders. Accordingly, this Court approves the settlement and orders the parties to consummate the settlement in accordance with its terms as set forth in the Stipulation.

3. This litigation is dismissed with prejudice as against all defendants in full and final discharge of all claims contained in plaintiff's Complaint herein, with each side to bear its own costs and expenses, except as set forth in paragraph 6 below.

4. As set forth in the Stipulation, Plaintiff agrees to the full, final, and forever compromise, discharge, release and dismissal with prejudice of any and all claims, rights, causes of action, suits, matters and issues, liquidated or non-liquidated, contingent or absolute, federal or state law based, whether legal or equitable, that have been, or could have been, or in the future could be asserted by Zenex, or derivatively by Zenex's stockholders, or the plaintiff, derivatively in the right and on behalf of Zenex against any of the Defendants, including the Nominal defendant, and/or any of their respective present or former directors, officers, agents, employees, attorneys, financial or investment advisors, investment bankers, insurance providers, counsel for insurance providers, consultants, accountants, representatives, affiliates, associates, parents, subsidiaries, general and limited partners or partnerships, families, heirs, executors, trustees, personal representatives, estates

or administrators, successors and assigns, or anyone else in connection with, or that arise out of, or relate to, any matter directly or indirectly involving any claim relating to the financial disclosures by the Company as set forth in the Complaint, including any claims for reimbursement, contribution or indemnification for any obligation of Zenex undertaken under the Stipulation, regardless of when Zenex is to perform or does perform such obligations, except (i) to enforce the terms or conditions of the Stipulation or (ii) with regard to matters specifically set forth in Schedule 1 attached to the Stipulation.

  5. Each party releases, acquits and forever discharges any and all claims, debts, suits, rights, and/or causes of action of whatsoever nature for relief of any kind, sought upon any legal or equitable theory whatsoever, whether or not previously asserted, whether now known or unknown to the party. Notwithstanding the foregoing, this release shall not include any claims arising out of events occurring after the execution of the Stipulation, or any rights conferred upon a party by the terms of the Stipulation itself.

  The release announced in this paragraph shall be effective solely in the following manner:

  (1) Plaintiff, Eric Beitchman, in favor of each defendant, whether nominal or individual, their shareholders, owners officers, directors, agents, attorneys (including but not limited to James C. McMillin, Kymala Carrier, David Ketelsleger, Justin Jackson and Paul A. Ross), predecessors and successors in interest, parent entities, affiliated entities, subsidiary entities and/or assigns of any such entities or individuals, and their respective insurers and insurance

        companies;

      (2)    Plaintiff, Eric Beitchman, in favor of his counsel, William B. Federman, Sara E. Collier, Marc Henzel, and their respective law firms, Federman & Sherwood and the Law Offices of Marc Henzel;

      (3)    Plaintiff's counsel, William B. Federman, Sara E. Collier, Marc Henzel, and their respective law firms, Federman & Sherwood and the Law Offices of Marc Henzel, in favor of plaintiff; and

      (4)    The defendants, both nominal and individual, their shareholders, owners, officers directors, agents, attorneys (including but not limited to James C. McMillin, Kymala Carrier, David Ketelsleger, Justin Jackson and Paul A. Ross), predecessors and successors in interest, parent entities, affiliated entities, subsidiary entities and/or assigns of any such entities or individuals, and their respective insurers and insurance companies in favor of plaintiff and plaintiff's counsel.

6.    Plaintiff's counsel are hereby awarded attorneys' fees and reimbursement of expenses in the amount of $170,000, and the Court finds that such amount is fair and reasonable. Derivative plaintiff Eric Beitchman is awarded an Incentive Fee in the amount of $10,000 in connection with this litigation, which sum the Court finds to be fair and reasonable.

7.    Jurisdiction is reserved over all matters related to the administration, consummation and enforcement of the terms of the Stipulation.

8. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

**IT IS SO ORDERED**.

Dated this 29th day of February, 2008.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE